IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORTEZ GRAYSON.,

        Movant-Petitioner,

vs.          Case No. 6:07-CR-10142-015

UNITED STATES OF AMERICA,

        Respondent

MEMORANDUM AND ORDER

On January 28, 2010, Cortez Grayson entered into a binding plea agreement, pursuant to FED. R. CRIM. P. 11(c)(1)(C) for violations of 18 U.S.C. §1962(d), conspiracy to participate in a racketeer-influenced and corrupt organization and 21 U.S.C. §841, possession with intent to distribute a controlled substance. Dkt. 1510. The parties agreed that the sentence in the case would be ninety-six months. The agreement provided that "[t]he parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11 (c)( 1 )( C), the parties are not requesting imposition of an advisory guideline sentence." *Id.* at 4. On April 19, 2012, the court sentenced Grayson to ninety-six months of imprisonment. Dkt. 1577. Mr. Grayson has now filed a Motion for Retroactive Application of Sentencing pursuant to 18 U.S.C. 3582(c)(2). Dkt. 1782. For the reasons set forth below, that motion is dismissed.

The United States Supreme Court addressed whether a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement was barred from seeking a reduction under 18 U.S.C. § 3582 relief. *Freeman v. United States,* 131 S.Ct. 2685 (2011). In *Freeman*, a four-member plurality concluded that no such bar exists. Justice Sotomayor's concurring opinion is

the controlling one because it delineates the narrowest grounds on which at least five Justices agree. *See United States v. Wilson*, 2012 WL 555072, at *2 (D. Kan. Feb. 21, 2012) *quoting United States v. Rivera–Martinez*, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011).

Justice Sotomayor reasoned that a sentence imposed by the court pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement, not on the sentencing judge's assessment of the guidelines. *Freeman*, 131 S.Ct. at 2695 (Sotomayor, J., concurring). According to Justice Sotomayor, when a Rule 11(c)(1)(C) plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered . . . the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.*

Here, Mr. Grayson signed a Rule 11(c)(1)(C) plea agreement, stating that "the parties are not requesting imposition of an advisory guideline sentence." *See* Dkt. 1510 at 4. As such, Mr. Grayson is not eligible for § 3582 relief because his Rule 11(C)(1)(C) plea agreement did not use a Guideline sentencing range to establish the term of imprisonment. *See Freeman*, 131 S.Ct. at 2695 (Sotomayor, J., concurring).

IT IS ACCORDINGLY ORDERED this 20th day of December 2012, that Petitioner's Motion for Modification of Sentence (Dkt. 1782) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE